IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY D. MOORE, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. 7:20cv00341 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ROBERT D. RUSSELL, <u>et</u> al<u>.</u>, | ) | By:   **Hon. Thomas T. Cullen** |
| | ) |       **United States District Judge** |
|     Defendants. | ) | |

Plaintiff Timothy D. Moore, a Virginia inmate proceeding *pro se* and *in forma pauperis,* filed this civil action pursuant to 42 U.S.C. § 1983, against Superintendent Russell of the Western Virginia Regional Jail ("WVRJ"), Dr. MacDonald, and WellPath. Having reviewed Moore's amended complaint, the court concludes that Moore fails to state a cognizable federal claim against the named defendants. Therefore, the court will dismiss Moore's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Moore alleges that, prior to his incarceration, he had an appointment with a liver doctor who referred him for an endoscopy, a biopsy, and a colonoscopy. However, Moore did not have any of those procedures performed before his incarceration. Moore states that he has been incarcerated at the WVRJ since July 10, 2019, and he still has not had any of these procedures done. Moore also claims he has a hernia that sticks out of his belly button and that, every time he shows it to defendant Dr. MacDonald, the doctor tells him that it is "alright" and does not need surgery.

Moore also states that, after working as a trustee for ten months, blood was found in his urine test, indicating that he had kidney stones. Moore claims that, not long after, he started coughing up blood from his gallbladder and experiencing chest pains and numbness in his arms. Moore alleges that "not once" did Dr. MacDonald say that Moore needed to be taken to his liver doctor or the hospital to be examined by his family doctor.

Moore does not describe how defendants Superintendent Russell or WellPath acted—or failed to act—in violation of his federal rights. In fact, their names appear only in the caption of Moore's complaint.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). "While a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (citation omitted).

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). A prison official is "deliberately indifferent" only if he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (U.S. 1994). A claim

concerning a disagreement between an inmate and a doctor regarding diagnosis or course of treatment does not implicate the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va. 1990). In fact, "many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). An "error of judgment" on the part of prison medical staff or "inadvertent failure to provide adequate medical care," while perhaps sufficient to support an action for malpractice, does not constitute a constitutional deprivation redressable under § 1983. *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979), abrogated on other grounds by *Neitzke v. Williams*, 490 U.S. 319 (1989). Mere negligence does not constitute deliberate indifference; rather, a prison official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists and must draw the inference. *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998); *see also Farmer*, 511 U.S. at 837. The prison official's conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Militier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).

Moore has not alleged sufficient facts for the court to determine that any of the named defendants were deliberately indifferent to any serious medical need. Despite being given the opportunity to amend his complaint, Moore alleges no facts against or conduct committed by defendants Superintendent Russell or WellPath.

As to Dr. MacDonald, Moore alleges that every time he showed the doctor his hernia, the doctor advised him that it was "alright" and that he did not need surgery. Although Moore may have disagreed with Dr. MacDonald's assessment of the hernia, his claim is nothing more

than a doctor-patient disagreement, which is not actionable under the Eighth Amendment. Moore also alleges that that "not once" did Dr. MacDonald say that Moore needed to be taken to his liver doctor or the hospital to be examined by his family doctor, after blood was found in his urine test, he started coughing up blood, and he began experiencing chest pains and numbness in his arms.  However, Moore does not allege that Dr. MacDonald knew about the blood in Moore's urine, Moore coughing up blood, or Moore's chest pain and arm numbness. Further, Moore does not allege that Dr. MacDonald did not provide him treatment for these conditions; rather, he alleges that Dr. MacDonald did not send Moore to his liver doctor or to his family doctor. From the facts alleged in the amended complaint, the court cannot determine that Dr. MacDonald was deliberately indifferent to any serious medical need. To the extent his claim amounts to a doctor-patient disagreement, it fails to state a claim. Therefore, the court concludes that Moore's amended complaint fails to state a cognizable federal claim against the named defendants.

### III.

For the reasons stated, the court will dismiss Moore's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, because Moore's allegations could state a plausible claim for relief as to Dr. MacDonald with further factual development, the court will dismiss this action without prejudice as to Dr. MacDonald. Moore will have 21 days to file a motion to reopen the case with an amended complaint against Dr. MacDonald, if he so chooses.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Moore and all counsel of record.

**ENTERED** this 1st day of December, 2020.

                                            */s/ Thomas T. Cullen*
                                            HON. THOMAS T. CULLEN
                                            UNITED STATES DISTRICT JUDGE